682

1822

27.     *John S. Robey*
*vs*
*John L. Leib.*

filed in the Clerks
office May 25th 1822
M Dorr Clk

*John S. Robey*
*vs*
*John L. Leib:*

Action the Case for goods wares & Merchandise & Money lent & advanced & laid out & Expended. Before Justice Abbott in the City of Detroit & County of Wayne. — Plff's demand $84.46½

John S. Robey being duly Sworn, deposeth & saith that on the twenty seventh day of February last he commenced An Action by summons against John L Leib Defendant named in the Above entitled Suit — to which the Def<sup>t</sup> appeared — & which was adjourned & continued by Justice Abbott & by Consent, several times, till the second day of April last, when both this deponent and the S<sup>d</sup> Def<sup>t</sup> appeared before the S<sup>d</sup> Justice aforesaid, and this deponent exhibited An Acc<sup>t</sup> for Sundry goods — wares & Merchandise sold s<sup>d</sup> Def<sup>t</sup> & also for Money lent — amounting to Eighty four Dollars forty six & ½ Cents which Am<sup>t</sup> he claimed to recover of the said Def<sup>t</sup> — that the s<sup>d</sup> Def<sup>t</sup> to this demand plead the Gen<sup>l</sup> issue of Non assumpsit — & claimed & filed an offset Amounting to One hundred dollars — & demanded Jud<sup>t</sup> of the Court in his favor for the ballance. Whereupon the s<sup>d</sup> parties went to trial — And on the trial, the whole of this Deponents Account was proved and admitted, except an Error of two Shillings — That the said Def<sup>t</sup> then stated that his sett-off of One hundred dollars was the Amount of a fee to that Amount, which he said this deponent Contracted & promised to give him On condition he would Engage as a Counsellor & attorney to assist the Att<sup>y</sup> Gen<sup>l</sup> of this Territory in the prosecution of Henry Hudson then expected to be indicted before the County Court of the County of Wayne, that in support of this set off the Defendant produced to the Court a Small Memorandum Book — in which was an Entry of a Memorandum by the

Def$^t$ of his being on a certain day employed by this Deponent in the case of an indictment against Henry Hudson as aforesaid and the sum of one hundred dollars put opposite the Same as the amount of his fee in s$^d$ Case. — Which Book was allowed to be shown & Read in Evidence, by Consent of this Deponent he agreeing that it might go for what it was worth, but at the same time contending that it was not sufficent Evidence to prove a contract made by him. — And further that in Support of the s$^d$ Deft's Sett off, he produced John M$^c$Donnell — Rob$^t$ Smart — H. P. Brevoort — Rich$^d$ Smith — and Mary Hudson as witnesses who were all sworn on his behalf. — And this deponent further saith that to the best of his Reccollection & belief — the Amount of the testimony of Mary Hudson went to show that she called on Judge Leib the Def$^t$ on the Same day that he told her he had been employed by a certain gentleman to assist in prosecuting Henry Hudson — for the purpose of retaining him to assist in the defence of the S$^d$ Hudson, And that she would have given him a much larger sum than One hundred dollars — but that the s$^d$ Leib told her, he had been employed by some gentleman to assist in the prosecution & therefore could not be retained by her on behalf of her husband. — And further that the Amount of the testimony of all the other witnesses above named went generally to show, by certain Conversations had by this Deponent — in their presence principally in the grand jury Room — (when they were members of the Grand jury that found indictments against the S$^d$ Henry Hudson) and Elswhere, that they had understood from such conversations that this deponent was — to *give* — (as some of the s$^d$ witnesses thought) or to *procure* (as others understood) the Sum of fifty dollars to the S$^d$ Leib, as a fee for assisting in drawing the indictments against the S$^d$ Hudson & assisting in the prosecution thereof before the s$^d$ County Court — and that some of the s$^d$ witnesses also had understood in said Conversations that the s$^d$ Deponent was also to procure by subscribtion other fifty dollars for the S$^d$ Leib — on the Condition aforesaid — *but that not one of the s$^d$ witnesses stated on S$^d$ trial that — this deponent was to give, himself, more than fifty dollars.* And further that this deponent, not Knowing the Nature and extent of the S$^d$ Sett off Nor the testimony that was to be produced in support of it — was not prepared to Rebut the same — But being Confident from the testimony given on the trial, that No more than fifty dollars of the s$^d$ Sett off would be allowed by the s$^d$ Justice, he intended to appeal the case to the county Court where he believed he should be able to produce such testimony as would entirely set asside the Sett off claimed by S$^d$ Defendant.

But further this Deponent States that the s$^d$ Justice Abbott after the Examination of the Said witnesses, informed the parties that he should hold the case under advisement for two days untill the fourth day of April present — when he would give judgment — And that before the S$^d$ time for

giving Jud$^t$ at the request of the S$^d$ Defendant, the said Justice did send for One of the S$^d$ witnesses, Ric$^d$ Smith, — and examined him again without the Knowledge or consent of this Deponant and without his or his counsel's being present on such examination. — And that on the evidence given on S$^d$ Second examination — the s$^d$ Justice, (as this deponent has been informed by the s$^d$ Justice himself & verily believes) was induced to change his opinion, as before made up from the Evidence given on the trial, — And to Allow the Def$^{t's}$ offset at One hundred dollars instead of fifty dollars — And that the s$^d$ Justice did accordingly give judg$^t$ against this Deponent And in favor of the S$^d$ Defendant for the sum of fifteen dollars and fifty three & one half cents

And this Deponant further States that on the s$^d$ trial he did contend that the S$^d$ Defendant had never given any assistance in drawing the S$^d$ Indictments against the S$^d$ Henry Hudson or in prosecuting the said Henry Hudson on the s$^d$ indictments when drawn — All which was admitted by the S$^d$ Defendant on the S$^d$ trial.

And this deponent further States that after the Rendition of S$^d$ Jud$^t$ and within the time limited by the Statute, he did claim an appeal to the county court from S$^d$ Jud$^t$ which at that time was granted and allowed by S$^d$ Justice and Security for the appeal was produced and entered on the Docket of the s$^d$ Justice but on the next day after, the s$^d$ Justice, considering that the appeal was not Allowable by law — inasmuch as the s$^d$ Jud$^t$ was rendered for a less sum than twenty dollars — altho' the amount in contest between the parties was One hundred dollars. — And further that this deponent did contend before the s$^d$ Justice that he was entitled to an appeal from the S$^d$ Justice — and that the question whether the Law would sanction the appeal ought to be left by the s$^d$ Justice to be decided by the County Court on the s$^d$ appeal's being brought before them — that the s$^d$ Justice, nevertheless did peremptorily refuse to grant the Appeal — thinking himself bound so to do by the Statute. — And further this Deponent saith not

Sworn and subscribed                           JOHN S ROBY
before me this 25th April 1822.
   THOMAS ROWLAND
   Justice of the peace

*[Attached to the foregoing]*

John S. Robey, being duly sworn, deposeth and saith, that, in the Affidavit made by this deponent in a case between this Deponent and John L. Leib — & to which Affidavit this is supplementary and attached, the word "last" — as written after the word "April," — on the first page of S$^d$ Affidavit was an error in writing — that the S$^d$ month of April mentioned in S$^d$ Affidavit, and the time intended to be Reffered to thereby, was the

Month of April of this present year, to wit, the year of our Lord One thousand Eight hundred and twenty two. And was the same month as is mentioned in the second page of S$^d$ affidavit by the words "April *present.*" — And further this deponent Saith that the time at which the claim for an appeal was made, as mentioned on the third page of said affidavit was on the fourth of the S$^d$ Month of April then present & now past, and that the time when the security was presented & entered on the docket of the S$^d$ Justice was the fifth day of the S$^d$ month of April — And that the time mentioned in S$^d$ affidavit as being the "next day after" — the Entering of the S$^d$ Security on the Docket of the S$^d$ Justice for the appeal he had granted was on the sixth day of the month of April — on which s$^d$ sixth day of April it was that the said Justice decided that he could not allow the Appeal — And further that it was on the same sixth day of April immediately after S$^d$ Justice had decided that he could not allow the appeal that this deponent gave notice that he should apply for a certiorari

And further this Deponent saith not

Sworn to and                                          JOHN S ROBY
subscribed before
me this 9th day of
May A.D. 1822.
THOMAS ROWLAND
Justice of the peace


MICHIGAN, TO WIT;

The supplemental affidavit, which I deem perfectly admissible, having identified the day, on which the appeal was claimed, granted, and allowed, to have been the fourth day of April, one thousand eight hundred twenty two, and the security having been taken on the fifth day of the same month, the judgment, thereby, became, for the time being, vacated; and if reinstated on the sixth, as the original affidavit, perhaps, means to state, or whether on the fifth, or, by relation back, on the fourth, still leaves the appellant virtually and fairly within the twenty days allowed by the law for making the affidavit; and, being satisfied that there is reasonable cause therefor, a *certiorari* is allowed as prayed for.

WOODWARD, Judge.
Mon. May 13. 1822.

[The allocatur is in the handwriting of Augustus B. Woodward]